■ JANICE HOBERMAN, Appellant, v MONICA VAIDA et al., Respondents. [652 NYS2d 767] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (DiBlasi, J.), entered March 1, 1996, which denied her motion pursuant to CPLR 4404 (a) to set aside the jury verdict and enter judgment as a matter of law or direct a new trial, and (2) a judgment of the same court entered March 11, 1996, which, upon the jury verdict in favor of the defendants, and upon the denial of the plaintiff's motion pursuant to CPLR 4404 (a), is in favor of the defendants and against her dismissing the complaint.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified by deleting therefrom the provisions which dismissed the complaint insofar as asserted against the defendants Monica Vaida and Lucy Werner; as so modified, the judgment is affirmed, without costs or disbursements; and it is further,

Ordered that the provisions of the order entered March 1, 1996, which denied the branches of the plaintiff's motion pursuant to CPLR 4404 (a) which were to set aside the jury verdict in favor of the defendants Monica Vaida and Lucy Werner and for a new trial against those defendants are vacated, and those branches of the motion are granted, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

This action stems from a multi-vehicle accident which occurred on December 13, 1990, on Central Avenue in the vicinity of Ardsley Road in Greenburgh, New York. At the time of the accident, Central Avenue consisted of two southbound lanes, a center turning lane, and two northbound lanes. The plaintiff, Janice Hoberman, was riding in a car owned and driven by Sarah Kaplan, which was traveling in the northbound lane on Central Avenue closest to the center lane. The defendant Monica Vaida, driving a car owned by the defendant Lucy Werner, exited a parking lot, crossed two lanes of southbound traffic, and entered the center turning lane, in an

attempt to make a left turn to go northbound. The first impact was in the center lane, between the car driven by Vaida and a southbound taxi owned by the defendant Sea Wolf Travel, Inc. (hereinafter Sea Wolf), and operated by the defendant Peter A. Wolfsie. The taxi was propelled into the left northbound lane, and then struck the Kaplan car.

We find that the jury's verdict in favor of Wolfsie and Sea Wolf was supported by sufficient evidence and by a fair interpretation of the evidence (see, Nicastro v Park, 113 AD2d 129, 134; see also, Cohen v Hallmark Cards, 45 NY2d 493, 498-499). We conclude, however, that, while the plaintiff was not entitled to judgment as a matter of law against Vaida and Werner, the jury's verdict in favor of these defendants should have been set aside and a new trial granted as against them, as the verdict was contrary to the weight of the evidence (see, Nicastro v Park, 113 AD2d, at 134, supra).

The evidence at trial established, at a minimum, that after her initial glance northward, Vaida either did not look to her left as she proceeded across the southbound lanes of traffic on Central Avenue until immediately before the collision, or that she erroneously perceived that she would be able to safely negotiate her way across Central Avenue. It is apparent from our review of the photographs of the damaged vehicles that the car driven by Vaida struck the taxicab broadside, on the right front passenger side behind the front wheel, and this photographic evidence supports a finding that Vaida was negligent.

The Supreme Court found that the verdict appeared to be based upon the jury's finding that Kaplan did not "meet her obligation to see what was to be seen" and to take appropriate steps to attempt to "avoid the collision with the Wolfsie vehicle". To the contrary, the testimony as a whole confirms that Kaplan did in fact see what was to be seen in the roadway and reacted accordingly.

Inasmuch as the jury's verdict against Vaida and Werner was not supported by a fair interpretation of the evidence, the proper remedy is to set the verdict aside and award a new trial as to these defendants. Ritter, J. P., Thompson, Friedmann and McGinity, JJ., concur.