■ RENEE PUCHALSKY et al., Respondents, v OSCAR U. RIDLEY et al., Appellants. [667 NYS2d 295] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Orange County (Byrne, J.), dated November 22, 1996, which granted the motion of the plaintiffs pursuant to CPLR 4404 to set aside a verdict in favor of the defendants and for judgment on the issue of liability as a matter of law, and directed a new trial on the issue of damages only.

Ordered that the order is modified, on the facts, without costs or disbursements, by deleting the provision thereof granting that branch of the plaintiffs' motion which was for judgment against the defendants as a matter of law on the issue of liability, and substituting therefor a provision denying that branch of the motion and granting a new trial on the issue of liability as well as damages; as so modified, the order is affirmed.

The jury could not have reached its verdict that the defendants were free of negligence in the happening of the accident based upon any fair interpretation of the evidence presented at trial. Therefore, the Supreme Court properly granted so much of the plaintiffs' motion as sought to set aside the verdict in favor of the defendants. However, since we find that there are

factual issues which cannot be determined as a matter of law, so much of the order as granted the plaintiffs' motion for judgment as a matter of law on the issue of liability and set this matter down for a trial as to damages only was incorrect. The proper remedy was to set aside the verdict and grant a new trial as to all issues (*see, Cohen v Hallmark Cards,* 45 NY2d 493; *Hoberman v Vaida,* 235 AD2d 519; *DeAngelis v Kirschner,* 171 AD2d 593). Sullivan, J. P., Pizzuto, Santucci and Florio, JJ., concur.