■ Joshua Emery, Respondent, v New York City Transit Authority et al., Appellants. [914 NYS2d 1]—

Order, Supreme Court, New York County (Harold B. Beeler, J.), entered on or about June 26, 2009, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on the issue of liability in this personal injury action, unanimously affirmed, without costs.

Plaintiff's testimony and the testimony of an eyewitness established that as plaintiff was bicycling down Fifth Avenue in the far right lane, the bus came up alongside him and, without sounding its horn, moved toward the curb, forcing plaintiff to jump the curb to avoid being struck. This evidence demonstrates plaintiff's prima facie entitlement to summary judgment on the

issue of liability (see *Palma v Sherman*, 55 AD3d 891 [2008]). Defendants failed to raise an issue of fact in opposition. Any purported discrepancies in the testimony as to the relative location and the speed of the bus, plaintiff's speed, and whether there was any contact between plaintiff and the bus are not material to the issue of liability, and there is no evidence to support an inference that plaintiff caused or contributed to his own injuries or that he was negligent in attempting to speed past the bus when he realized that the bus was moving toward the curb. Concur—Tom, J.P., McGuire, Acosta, Renwick and Freedman, JJ.