■ REZU ENTERPRISES, INC., Doing Business as COFFEE BEANERY, et al., Appellants, v ALTAF ISANI et al., Respondents. [915 NYS2d 60]—

Order, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered July 14, 2010, which, inter alia, granted defendants' motion for summary judgment to the extent of dismissing the first cause action for payment of a negotiable instrument and the third cause of action for fraud, denied plaintiffs' cross motion for partial summary judgment on the first cause of action and dismissed plaintiffs' punitive damages claims, unanimously affirmed, without costs. Order, same court and J.H.O., entered November 10, 2010, which, inter alia, granted defendants' motion for summary judgment dismissing the second cause of action for breach of contract, unanimously affirmed, without costs.

Plaintiffs contend that there are issues of fact concerning the parties' intent surrounding the delivery of the subject check. These issues are not material to the determination of defend-

ants' summary judgment motion. The record reveals that closing never took place prior to the check being dishonored, and defendants' failure to honor the check was simply part of the breach of contract. Thus, plaintiffs were not entitled to payment on the check.

The fraud cause of action was properly dismissed because plaintiffs failed to establish that the alleged fraud was independent of the breach of contract (*see MBW Adv. Network v Century Bus. Credit Corp.*, 173 AD2d 306 [1991]). Nor did plaintiff allege that defendants violated a legal duty separate from that owed under the contract (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389 [1987]).

Recovery on plaintiffs' breach of contract claim is limited by the clear, unambiguous liquidated damages clause (*see Cellular Tel. Co. v 210 E. 86th St. Corp.*, 44 AD3d 77, 83 [2007]). Since plaintiff is already in possession of the sum set forth in that clause, the claim was properly dismissed.

The dismissal of plaintiffs' claims for punitive damages was proper. The conduct of defendants as alleged by plaintiffs did not evince a "criminal indifference to civil obligations," which was "directed at the general public" (*Samover of Russia Jewelry Antique Corp. v Generali, Gen. Ins. Co. of Trieste & Venice*, 102 AD2d 279, 282 [1984]).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Catterson, Renwick and DeGrasse, JJ.