# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1436**
**CA 12-01100**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, WHALEN, AND MARTOCHE, JJ.

---

JESSICA M. SCHMIDT, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

TINA M. GUENTHER, DEFENDANT-RESPONDENT,
MARK BESECKER, DEFENDANT-APPELLANT,
ET AL., DEFENDANTS.

---

ADAMS, HANSON, REGO, CARLIN, HUGHES, KAPLAN & FISHBEIN, WILLIAMSVILLE (NICOLE B. PALMERTON OF COUNSEL), FOR DEFENDANT-APPELLANT.

GELBER & O'CONNELL, LLC, WILLIAMSVILLE (KRISTOPHER SCHWARZMUELLER OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (AMANDA L. MACHACEK OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Niagara County (Catherine R. Nugent Panepinto, J.), entered May 9, 2012 in a personal injury action. The order denied the motion of defendant Mark Besecker for summary judgment dismissing the complaint and all cross claims against him.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the complaint and all cross claims against defendant Mark Besecker are dismissed.

Memorandum: Plaintiff commenced this personal injury action after being involved in a four-vehicle rear-end collision in July 2008 on Transit Road near its intersection with Rapids Road in the Town of Lockport. The first vehicle in the chain was operated by defendant Heather E. Watt; the second was operated by defendant Mark Besecker; the third was operated by plaintiff; and the fourth was operated by defendant Tina M. Guenther. While Besecker successfully avoided rear-ending Watt's vehicle and plaintiff successfully stopped her vehicle before rear-ending Besecker's vehicle, Guenther was not able to stop her vehicle in time, and she rear-ended plaintiff's vehicle. Besecker contends that Supreme Court erred in denying his motion for summary judgment dismissing the complaint and all cross claims against him, given that plaintiff had completely and successfully stopped her vehicle behind his before it was rear-ended by Guenther's vehicle. That stop, according to Besecker, broke the chain of causation and thereby relieved him of liability for plaintiff's subsequent injuries.

We agree.

It is well established that, absent extraordinary circumstances not present here (*see generally Tutrani v County of Suffolk*, 10 NY3d 906, 907-908), injuries resulting from a rear-end collision are not proximately caused by any negligence on the part of the operator of a preceding vehicle when the rear-ended vehicle had successfully and completely stopped behind such vehicle prior to the collision (*see Princess v Pohl*, 38 AD3d 1323, 1323, *lv denied* 9 NY3d 802; *Coffey v Baker*, 34 AD3d 1306, 1307-1308, *lv dismissed in part and denied in part* 8 NY3d 867; *Lester v Chmaj*, 251 AD2d 1069, 1070).  Here, it is undisputed that plaintiff's vehicle came to a full stop behind Besecker's vehicle before being rear-ended by Guenther's vehicle. Besecker thereby established his entitlement to judgment as a matter of law dismissing the complaint and the cross claims against him (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

As an alternative ground for affirmance (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545-546), Guenther contends that summary judgment dismissing her cross claim against Besecker is nevertheless precluded by issues of fact concerning whether Besecker's vehicle was actually stopped at the time of the rear-end collision at issue and whether he thereby contributed to that collision.  We reject that contention because "[those] issues are not material to the determination of [Besecker's] summary judgment motion" (*Rezu Enters., Inc. v Isani*, 80 AD3d 427, 427-428; *see Emery v New York City Tr. Auth.*, 78 AD3d 416, 417; *Wenz v Shafer*, 293 AD2d 742, 743).  Specifically, it remains uncontroverted that plaintiff's vehicle came to a complete stop behind Besecker's vehicle before being rear-ended by Guenther's vehicle, and we thus conclude that any link between plaintiff's injuries and Besecker's conduct was thereby severed as a matter of law (*see Rzepecki v Yauch*, 277 AD2d 984, 984-985; *Lester*, 251 AD2d at 1070).  Guenther's reliance on *Tutrani* (10 NY3d at 907-908) is misplaced; the unique circumstances of that case are not present here and, in contrast to the police officer in *Tutrani*, Besecker did not operate the first vehicle in the accident chain.

Entered:  February 1, 2013                    Frances E. Cafarell
                                              Clerk of the Court