# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**240**
**CA 12-01630**
PRESENT: CENTRA, J.P., FAHEY, CARNI, LINDLEY, AND WHALEN, JJ.

---

JESSICA M. SCHMIDT, PLAINTIFF-RESPONDENT,

           V                         MEMORANDUM AND ORDER

TINA M. GUENTHER, DEFENDANT-RESPONDENT,
HEATHER E. WATT AND MARY WATT,
DEFENDANTS-APPELLANTS,
ET AL., DEFENDANT.

---

BURGIO, KITA & CURVIN, BUFFALO (HILARY C. BANKER OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

GELBER & O'CONNELL, LLC, WILLIAMSVILLE (KRISTOPHER SCHWARZMUELLER OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (AMANDA L. MACHACEK OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Niagara County (Catherine Nugent Panepinto, J.), entered June 21, 2012. The order, insofar as appealed from, denied the motion of defendants Heather E. Watt and Mary Watt for summary judgment dismissing the complaint and all cross claims against them.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted, and the complaint and all cross claims against defendants Heather E. Watt and Mary Watt are dismissed.

Memorandum: Plaintiff commenced this personal injury action after being involved in a four-vehicle rear-end collision in July 2008 on Transit Road near its intersection with Rapids Road in the Town of Lockport. The first vehicle in the chain was operated by Heather E. Watt and was owned by Mary Watt (collectively, defendants); the second was operated by defendant Mark J. Besecker; the third was operated by plaintiff; and the fourth was operated by defendant Tina M. Guenther. While Besecker successfully avoided rear-ending defendants' vehicle and plaintiff successfully stopped before rear-ending Besecker's vehicle, Guenther was not able to stop her vehicle in time, and she rear-ended plaintiff's vehicle. Defendants contend that Supreme Court erred in denying their motion for summary judgment dismissing the complaint and all cross claims against them because Besecker and plaintiff had completely and successfully stopped their vehicles behind defendants' vehicle before plaintiff's vehicle was rear-ended

by Guenther's vehicle.  According to defendants, that stop broke the chain of causation and thereby relieved them of liability for plaintiff's subsequent injuries.  We agree.  We therefore reverse the order insofar as appealed from (*see Schmidt v Guenther*, 103 AD3d 1162).