# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**572**

**CA 13-01876**

PRESENT: SMITH, J.P., PERADOTTO, SCONIERS, WHALEN, AND DEJOSEPH, JJ.

---

CHERYL PATERSON, AS PARENT AND NATURAL GUARDIAN
OF ROBERT PATERSON, PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

JODY L. SIKORSKI, DAVID CODDINGTON, KEITH
CODDINGTON, DEFENDANT-RESPONDENTS,
JOSEPH CACCHIO AND JUANITA CACCHIO,
DEFENDANTS-APPELLANTS.

---

LAW OFFICE OF EPSTEIN, GIALLEONARDO & HARTFORD, GETZVILLE (JENNIFER V. SCHIFFMACHER OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

VIOLA, CUMMINGS & LINDSAY, LLP, NIAGARA FALLS (MATTHEW T. MOSHER OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered January 15, 2013. The order denied the motion of defendants Joseph Cacchio and Juanita Cacchio for summary judgment dismissing the complaint and all cross claims against them.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the complaint and all cross claims against defendants Joseph Cacchio and Juanita Cacchio are dismissed.

Memorandum: In this action seeking damages for personal injuries allegedly arising from a motor vehicle accident, Joseph Cacchio (Cacchio) and his wife (defendants) appeal from an order denying their motion for summary judgment dismissing the complaint and all cross claims against them. There is no dispute regarding the facts. The accident occurred when the vehicle operated by Cacchio and owned by his wife stopped on a highway on-ramp, and a second vehicle, operated by defendant David Coddington (Coddington) came to a complete stop behind it. A third vehicle, operated by defendant Jody L. Sikorski, failed to stop and rear-ended the Coddington vehicle, propelling it into defendants' vehicle. Plaintiff commenced this action on behalf of her son, a passenger in the Coddington vehicle.

We agree with defendants that Supreme Court erred in denying their motion. "It is well established that, absent extraordinary circumstances not present here . . . , injuries resulting from a rear-end collision are not proximately caused by any negligence on the part

of the operator of a preceding vehicle when the rear-ended vehicle had successfully and completely stopped behind such vehicle prior to the collision" (*Schmidt v Guenther*, 103 AD3d 1162, 1162-1163; *see Princess v Pohl*, 38 AD3d 1323, 1323-1324, *lv denied* 9 NY3d 802).  Inasmuch as plaintiff does not dispute that Coddington's vehicle, in which plaintiff's son was a passenger, came to a full stop behind defendants' vehicle before being rear-ended by Sikorski's vehicle, and in the absence of extraordinary factors not present here (*cf. Tutrani v County of Suffolk*, 10 NY3d 906, 907-908), the court erred in denying defendants' motion.

Entered:  June 13, 2014                          Frances E. Cafarell
                                                 Clerk of the Court