# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**374**

**CA 14-01565**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.

---

PATRICIA BURG, PLAINTIFF-RESPONDENT,

V                                                  MEMORANDUM AND ORDER

ACEA M. MOSEY, ADMINISTRATOR FOR THE ESTATE
OF CHARLES J. MUELLER, JR., DECEASED,
DEFENDANT-RESPONDENT,
AND JAMES D. HAKES, DEFENDANT-APPELLANT.

---

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (ANDREW DRILLING OF COUNSEL),
FOR DEFENDANT-APPELLANT.

PAUL WILLIAM BELTZ, P.C., BUFFALO (BRIAN R. HOGAN OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

--------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (John F.
O'Donnell, J.), entered November 21, 2013. The order denied the
motion of defendant James D. Hakes for summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for
injuries she sustained in a motor vehicle accident, and James D. Hakes
(defendant) appeals from an order denying his motion for summary
judgment dismissing the complaint against him. We affirm. The
accident occurred when defendant's vehicle crossed over several lanes
in front of plaintiff's vehicle, causing plaintiff to apply her brakes
and move to the shoulder of the highway. Plaintiff's vehicle did not
make contact with defendant's vehicle when both vehicles came to rest
on the shoulder of the highway, but a third vehicle rear-ended
plaintiff's vehicle. It is well settled that " 'absent extraordinary
circumstances . . . , injuries resulting from a rear-end collision are
not proximately caused by any negligence on the part of the operator
of a preceding vehicle when the rear-ended vehicle had successfully
and completely stopped behind such vehicle prior to the collision' "
(*Paterson v Sikorski*, 118 AD3d 1330, 1330). Here, contrary to
defendant's contention, such extraordinary circumstances are present
(*see Tutrani v County of Suffolk*, 10 NY3d 906, 907-908). The accident
occurred on "a busy highway where vehicles could reasonably expect
that traffic would continue unimpeded" (*id*. at 907), and defendant
crossed over several lanes in front of plaintiff's vehicle, causing
her to apply her brakes and move to the shoulder of the highway.
Thus, there is a triable issue of fact whether defendant's conduct

"set into motion an eminently foreseeable chain of events that resulted in [the] collision between the vehicles driven by plaintiff and [the driver of the third vehicle]" (*id.* [internal quotation marks omitted]).  Moreover, plaintiff testified at her deposition that her vehicle was rear-ended "seconds" after stopping on the shoulder of the highway, and it therefore cannot be said that defendant's actions were "so remote in time from plaintiff's injury as to preclude recovery as a matter of law" (*id.* at 907-908 [internal quotation marks omitted]).  We note in addition that, "[u]nder these circumstances, it is irrelevant that plaintiff was able to stop her vehicle without striking [defendant's] vehicle" (*id.* at 908).

Entered:  March 27, 2015

Frances E. Cafarell
Clerk of the Court