# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**968**

**CA 16-00107**

PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

CHRISTOPHER J. ZEDICK, PLAINTIFF-APPELLANT,

              V                          MEMORANDUM AND ORDER

STACIA L. NANCE, DAVID V. KNIGHT, DEFENDANTS,
JIM MAZZ AUTO, DEFENDANT-RESPONDENT,
ET AL., DEFENDANT.

---

WILLIAM MATTAR, P.C., WILLIAMSVILLE (MATTHEW J. KAISER OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

RUPP, BAASE, PFALZGRAF, CUNNINGHAM LLC, BUFFALO (THOMAS P. CUNNINGHAM
OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---------------------------------------------------------------------------------------------------------

     Appeal from an order of the Supreme Court, Erie County (John M. Curran, J.), entered October 6, 2015. The order granted the motion of defendant Jim Mazz Auto for summary judgment and dismissed the complaint and all cross claims against it.

     It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

     Memorandum: Plaintiff commenced this personal injury action after being involved in a three-vehicle rear-end collision with defendants Stacia L. Nance and David V. Knight. Plaintiff alleged that the rear-end collision was caused by the actions of the unknown operator of a lead vehicle owned by defendant Jim Mazz Auto (Mazz). Mazz moved for summary judgment dismissing the complaint and any cross claims against it on the ground, among others, that the actions of the operator of its vehicle did not proximately cause the accident. Supreme Court granted the motion, and we affirm.

     "It is well settled that absent extraordinary circumstances . . . , injuries resulting from a rear-end collision are not proximately caused by any negligence on the part of the operator of a preceding vehicle when the rear-ended vehicle had successfully and completely stopped behind such vehicle prior to the collision" (*Burg v Mosey*, 126 AD3d 1522, 1523 [internal quotation marks omitted]). Here, it is undisputed that plaintiff's vehicle came to a complete stop behind the Mazz vehicle before being rear-ended, and Mazz therefore established its entitlement to judgment as a matter of law (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Plaintiff's reliance on *Tutrani v County of Suffolk* (10 NY3d 906) is misplaced inasmuch as the extraordinary circumstances of that case are not present here (*see*

*Paterson v Sikorski*, 118 AD3d 1330, 1331; *Schmidt v Guenther*, 103 AD3d 1162, 1162-1163).