| **A.S. v Rosa-Maldonado** |
| 2025 NY Slip Op 30006(U) |
| January 2, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 156934/2023 |
| Judge: James G. Clynes |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. JAMES G. CLYNES**          PART          **22M**

*Justice*

-------------------------------------------------------------------X

A. S., QING YE

                 Plaintiff,

              - v -

RANDY ROSA-MALDONADO,

                 Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 156934/2023 |
| MOTION DATE | 08/12/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44

were read on this motion to/for          JUDGMENT - SUMMARY          .

Upon the foregoing documents, the motion by Defendant for summary judgment and dismissal of Plaintiff's Complaint and the cross-motion by Plaintiff for summary judgment against Defendant on the issue of liability are decided as follows:

Plaintiff seeks recovery for injuries allegedly sustained as a result of a June 8, 2023 motor vehicle accident between Plaintiff bicyclist and a vehicle operated by Defendant.

In support of his motion, Defendant submits a police report, his affidavit, an affidavit of a non-party witness, and a video. The certified police report states that Plaintiff, a bicyclist, stated that she was heading west bound when she veered off the bike lane and came into contact with Defendant's vehicle causing her to fall; and that Defendant stated that he was driving westbound on West 110th Street when Plaintiff swerved to go around a pothole. In his affirmation, Defendant affirms that he was driving straight on West 110th Street when he saw two bicyclists traveling westbound alongside the parked vehicles, he passed the first bicyclist, as he was driving past the second bicyclist, she swerved to the left to avoid a pothole and her handlebars struck the passenger side mirror of Defendant's vehicle.

156934/2023  S., A. ET AL vs. ROSA-MALDONADO, RANDY
Motion No. 001

Page 1 of 4

Non-party witness Anton Yelyashkevich affirmed that he was operating his motorcycle traveling eastbound on West 110th Street when he saw this accident occur about 50 feet from him; the vehicle and the bicycle were traveling westbound on West 110th Street; when the accident occurred, the bicycle was wobbling from side to side, it moved to its left toward the vehicle, then the left side of the handlebars made contact with the right front side of the vehicle.

In opposition to Defendant's motion and in support of her cross-motion, Plaintiff contends that Defendant failed to use reasonable care to avoid the accident. Plaintiff submits Plaintiff's affidavit in which she avers that she was riding a bicycle with the flow of traffic on the right-hand side of the moving lane of traffic on West 110th Street, when Defendant's vehicle attempted to pass her and struck her with the passenger side mirror. Plaintiff further avers that she did not veer to the left prior to the accident and that she was struck from behind.

In reply and in opposition to Plaintiff's cross-motion, Defendant contends that the accident occurred because Plaintiff struck Defendant when she suddenly veered off the bike lane and Defendant did not have an opportunity to react before the impact. Defendant further contends that Plaintiff's affidavit contradicts her statement in the certified police report.

In reply to Defendant's opposition to Plaintiff's cross motion, Plaintiff contends that Defendant failed to use reasonable care to avoid striking Plaintiff.

The Court notes that Defendant and Plaintiff submit letters to the Court on the issue of whether the Court should consider Plaintiff's reply papers. The function of reply papers is to address arguments made in opposition to the position taken by the movant and not to permit the movant to introduce new arguments in support of, or new grounds or evidence for the motion (*Matter of Kennelly v Mobius Realty Holdings LLC*, 33 AD3d 380 [1st Dept 2006]). However,

**156934/2023  S., A. ET AL vs. ROSA-MALDONADO, RANDY**
**Motion No. 001**

**Page 2 of 4**

2 of 4

[* 2]

the rule is not inflexible, and a court may exercise its discretion and may consider evidence in reply (*id* at 382). Upon review, the Court will consider the reply papers.

The proponent of a summary judgment motion must establish that there are no triable issues of fact (*Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). The moving party bears the burden of making a prima facie showing of entitlement of judgment as a matter of law, tendering sufficient evidence in admissible form, demonstrating there is an absence of material issues of fact (*Bazdaric v Almah Partners LLC*, 41 NY3d 310 [2024] *citing Alvarez* at 324). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad v NY Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Once the moving party has met the initial burden, the opposing party must demonstrate evidentiary proof sufficient to establish the existence of material issues of fact (*Alvarez* at 324). "If there is any doubt as to the existence of a triable issue of fact, the motion for summary judgment must be denied" (*Morejon v NY City Tr. Auth.*, 216 AD3d 134, 136 [2d Dept 2023]).

Pursuant to VTL 1122 (a), "the operator of a vehicle overtaking, from behind, a bicycle proceeding on the same side of a roadway shall pass to the left of such bicycle at a safe distance until safely clear thereof." "In general, a motorist is required to keep a reasonably vigilant lookout for bicyclists, to sound the vehicle's horn when a reasonably prudent person would do so in order to warn a bicyclist of danger, and to operate the vehicle with reasonable care to avoid colliding with anyone on the road" (*Bliwas v Paul*, 227 AD3d 852 [2d Dept 2024]; VTL 1146).

Here, it is undisputed that Plaintiff was riding her bicycle in the far right lane, Defendant came up alongside her, and Plaintiff fell. Defendant has failed to establish prima facie entitlement to summary judgment as a matter of law and failed to raise an issue of fact as to liability in opposition of Plaintiff's cross-motion (*see Verna v Little Richie Bus Serv. Inc.*, 223 AD3d 505 [1st

156934/2023  S., A. ET AL vs. ROSA-MALDONADO, RANDY                    Page 3 of 4
Motion No. 001

3 of 4

Dept 2024] where the First Department held that the defendant bus driver violated VTL 1146 (a) when the protruding mirror of the school bus struck the plaintiff bicyclist; *see also Xuezhen Dong v Cruz-Marte*, 223 AD3d 463 [1st Dept 2024] where the First Department held that the defendant's motion was properly denied where the defendant driver did not change the operation of his vehicle to accommodate the bicyclist and thus failed to exercise due care to avoid hitting him). However, there are issues of fact as to Plaintiff's comparative negligence because the parties dispute whether Plaintiff veered into Defendant's vehicle at the time of the impact (*Verna* at 505; *see also Emery v NY City Tr. Auth.*, 78 AD3d 416 [1st Dept 2010] "Any purported discrepancies in the testimony as to…whether there was any contact between plaintiff and the bus [is] not material to the issue of liability"). Accordingly, it is

**ORDERED** that the motion by Defendant for summary judgment and dismissal of Plaintiff's Complaint is denied; and it is further

**ORDERED** that the cross-motion by Plaintiff for summary judgment against Defendant on the issue of liability is granted; and it is further

**ORDERED** that within 30 days of entry, Plaintiff shall serve a copy of this Decision and Order upon Defendant with Notice of Entry.

This constitutes the Decision and Order of the Court.

| 1/2/2025 | | | | |
| --- | --- | --- | --- | --- |
| **DATE** | | | JAMES G. CLYNES, J.S.C. | |
| **CHECK ONE:** | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**156934/2023  S., A. ET AL vs. ROSA-MALDONADO, RANDY**
Motion No. 001

Page 4 of 4

4 of 4

[* 4]