■ WILLIAM DEANGELIS, Appellant, v JOSEPH KIRSCHNER et al., Respondents.—Order of the Supreme Court, Bronx County (Barry Salman, J.), entered on or about September 28, 1987, which denied plaintiff's motion to set aside the jury verdict and to direct a new trial, unanimously reversed, on the law, the motion granted, and a new trial ordered, without costs.

The injuries complained of by plaintiff resulted from an automobile accident which occurred on February 20, 1984 at approximately six o'clock in the evening when the 1980 Pontiac automobile owned by defendant Joseph Kirschner and driven by defendant Susan Kirschner struck plaintiff's double-parked car in the rear. At the time of the accident, plaintiff's 1971 Plymouth Fury was stopped on the west side of Lenox

Avenue in the traffic lane closest to the row of cars parked alongside the curb, at a point approximately 50 feet beyond the intersection with 124th Street. Kirschner made a right turn onto Lenox Avenue from 124th Street and struck the left rear of DeAngelis' car with the right front of her vehicle. At trial, plaintiff sought to prove by medical testimony that he suffers from permanent disability as a result of the accident. The jury found in favor of defendant, and the trial court denied plaintiff's motion seeking to set aside the verdict as against the weight of the evidence and to obtain a new trial.

It was error for the Trial Justice to deny plaintiff's motions. The evidence with respect to defendant's culpability "preponderated so greatly in plaintiff's favor that the jury could not have reached its conclusion on any fair interpretation of the evidence" (Pertofsky v Drucks, 16 AD2d 690). We have observed that "the question of whether a jury verdict is against the weight of the evidence * * * is essentially a discretionary and factual determination" (Yalkut v City of New York, 162 AD2d 185, 188) and "great respect must be accorded to the trial court's professional judgment" (supra, at 188). However where, as here, the jury's resolution of a factual issue is clearly at variance with the proffered testimony (Nicastro v Park, 113 AD2d 129, 135-136), the failure to set aside the verdict and direct a new trial constitutes an abuse of discretion.

In Cohen v Terranella (112 AD2d 264), the Appellate Division, Second Department held: "Absent some excuse, it is negligence as a matter of law if a stopped car is hit in the rear". The record in this case does not support the conclusion that some excuse existed to insulate defendant from liability for this rear-end collision.

The evidence adduced by defendant at trial is insufficient to rebut the "inference of negligence" raised by this accident (Benyarko v Avis Rent A Car Sys., 162 AD2d 572, 573). Defendant's testimony concerning a third vehicle is inconsistent with a finding that she was neither negligent nor a proximate cause of the accident. Plaintiff testified that he never saw any third vehicle, while Kirschner testified that a previously unseen, speeding car prevented her from changing lanes to avoid striking DeAngelis's double-parked car. Remarkably, defendant stated that even though impact with plaintiff's vehicle had therefore become inevitable, she only applied the brakes lightly because "I don't normally slam the brakes." The police report corroborated plaintiff's testimony that his car was parked approximately 50 feet beyond the intersection with

124th Street, and defendant did not dispute plaintiff's testimony that his car's lights had been left on. This testimony strongly suggests that defendant failed in the exercise of her duty to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident *(Baker v Close,* 204 NY 92, 95).

The fact that DeAngelis had parked his car in a traffic lane does not automatically establish that such double-parking was the proximate cause of the accident. "The facts in each negligence action will determine whether a double-parking violation was the proximate cause of * * * injury" *(Somerall v New York Tel. Co.,* 74 AD2d 302, 310, *revd on other grounds* 52 NY2d 157). Concur—Sullivan, J. P., Carro, Kupferman, Ross and Rubin, JJ.