■ ANDREW JOHNSON, Appellant, v ARTHUR J. PHILLIPS, Respondent. [690 NYS2d 545] —Order, Supreme Court, Bronx County (Anne Targum, J.), entered September 17, 1998, denying plaintiff's motion for partial summary judgment on the issue of liability, unanimously reversed, on the law, without costs, the motion granted and the matter remanded for further proceedings.

In this appeal involving a rear-end automobile collision, we examine the parameters of the liability of the driver of the following car to the passenger in the front car. We also examine the sufficiency of that driver's opposition to the passenger's motion for summary judgment.

Plaintiff was a passenger in a vehicle heading southbound on Route 9 in Irvington. The driver of that vehicle stopped in the left lane at an intersection to make a left-hand turn. The southbound side of Route 9 is a two-lane roadway. As this car, over the course of about five seconds, waited to make its turn while northbound traffic cleared, the vehicle driven by defendant, also driving in a southerly direction, struck it in the rear. Plaintiff commenced an action against defendant and moved for summary judgment on the issue of liability. In support of the motion, certain documents were submitted, including

plaintiff's affidavit, a Police Accident Report and a Motor Vehicle Accident Report (MV-104). The police report recorded that the accident occurred at 2:15 P.M. on a sunny day, and that defendant stated he could not see plaintiff's vehicle due to sun glare.

Defendant's opposition consisted of an unsworn statement on the MV-104 report. Defendant indicated that he entered the left lane as a consequence of tree-trimming activity in the right lane, that his vision was obstructed by glare and hence he had not seen the car in front of him and, in any event, the turning car had neither brake lights nor turn signal on. An affirmation from defendant's attorney in opposition to the motion basically reiterated aspects of the unsworn statement although, of course, counsel was not a party with personal knowledge of the facts. Notably, defendant has not commenced an action against the driver of the front car, nor has he asserted counterclaims alleging that driver's negligence.

The motion court, in denying the motion without prejudice, found the MV-104 form to present unresolved factual questions and was persuaded that the absence of discovery rendered the motion for summary judgment premature. However, the application of law to the essential facts as asserted by defendant, and defendant's failure to submit his own sworn attestations in opposition to the motion, when he would naturally be the party in possession of the relevant knowledge (*Leal v Wolff*, 224 AD2d 392), leaves defendant's opposition fatally deficient. Further discovery will not rectify these defects.

Initially, on a motion for summary judgment, parties must lay bare their proofs in non-hearsay form (*Zuckerman v City of New York*, 49 NY2d 557, 562). We have long adhered to the rule that the party opposing the motion must submit sufficient evidence, in admissible form, to establish that there is a triable issue (*Zoldas v Louise Cab Corp.*, 108 AD2d 378, 383) or to explain why a proper tender of proof is not being made (*Zuckerman v City of New York, supra*), requirements unsatisfied here. Counsel's affirmation has no probative weight and cannot raise a triable issue (*Zuckerman v City of New York, supra; Zoldas v Louise Cab Corp., supra*, at 383; *Rue v Stokes*, 191 AD2d 245). In *Stokes*, this Court held that the unsworn, presumably self-serving, statements in a MV-104 accident report are hearsay, insufficient as a matter of law to raise triable factual issues, and cannot be considered in opposition to a motion for summary judgment. In that regard, we have characterized a motion court's reliance thereon to find an issue of fact to be "clear error" (*Rue v Stokes, supra*, at 246).

Similarly, the present motion court's sole reliance on counsel's affirmation and a MV-104 report was error.

As a matter of substantive law, the motion should have been granted. Drivers must maintain safe distances between their cars and cars in front of them (Vehicle and Traffic Law § 1129 [a]) and this rule imposes on them a duty to be aware of traffic conditions, including vehicle stoppages (*Sass v Ambu Trans Inc.*, 238 AD2d 570). As we have phrased it, drivers have a "duty to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident" (*DeAngelis v Kirschner*, 171 AD2d 593, 595). By now it is well established that a rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the operator of the second vehicle. This rule has been applied when the front vehicle stops suddenly in slow-moving traffic (*Mascitti v Greene*, 250 AD2d 821), even if the sudden stop is repetitive (*Leal v Wolff, supra*), when the front vehicle, although in stop-and-go traffic, stopped while crossing an intersection (*Barba v Best Sec. Corp.*, 235 AD2d 381), and when the front car stopped after having changed lanes (*Cohen v Terranella*, 112 AD2d 264). When such a rear-end collision occurs, the injured occupants of the front vehicle are entitled to summary judgment on liability, unless the driver of the following vehicle can provide a non-negligent explanation, in evidentiary form, for the collision (*Leal v Wolff, supra*; *Barba v Best Sec. Corp., supra*; *Mascitti v Greene, supra*; *Cohen v Terranella, supra*; *Silberman v Surrey Cadillac Limousine Serv.*, 109 AD2d 833).

Defendant contends in his appellate brief that sun glare and the tree trimming activity on the right lane would be a sufficient reason to exonerate his conduct. Although not characterized as such by defendant, this explanation is similar to the claim that an unexpected emergency situation or conditions beyond the defendant's control, rather than the defendant's negligence, was the cause of the accident, thus purportedly exonerating the defendant. However, the emergency doctrine typically is inapplicable to routine rear-end traffic accidents (*Sass v Ambu Trans Inc., supra*). Even when a front motorist stopped suddenly to allow passage of an ambulance, an emergency was not presented to rebut the inference of negligence and thereby exonerate the driver of the rear car (*DiPaola v Scherpich*, 239 AD2d 459). By comparison, the present defendant's unsworn and unsupported claims of sun glare, and a lane blockage presumably visible to an approaching car, cannot be said to present an emergency abrogating his obligation to maintain a reasonable distance. In *Rue v Stokes* (*supra*) we

held that unrebutted testimony that a vehicle that had been at a complete stop for several seconds when it was struck in the rear by defendant's vehicle was sufficient as a matter of law to place sole responsibility for the accident with that defendant. *Stokes* is on point with the present facts. Here, the unrebutted evidence was that the car in which plaintiff was a passenger stopped for approximately five seconds before it was struck in the rear by defendant's vehicle.

Nor is defendant's claim that the front car had failed to signal a turn availing: the unrebutted evidence establishes that defendant's failure to observe traffic conditions and maintain a safe distance was a proximate cause of the accident resulting in plaintiff's injuries. In any event, as noted above, defendant has failed to aver in probative form that the front driver failed to signal.

Moreover, it is well settled that the right of an innocent passenger to summary judgment is not in any way restricted by potential issues of comparative negligence as between defendant and the driver of the vehicle in front (*Silberman v Surrey Cadillac Limousine Serv., supra,* at 833-834). Defendant's failure to litigate the possible issue of comparative negligence with the front driver, or even with the tree-trimming company, has no bearing on plaintiff's entitlement to summary judgment against defendant.

Finally, the motion court was persuaded that the motion was premature, insofar as discovery was not yet conducted. However, defendant's failure to raise any factual issues to absolve him of liability or even submit a sworn statement of facts or to credibly explain the failure to do so defeats the need for discovery. Since defendant is the party with knowledge of the factual circumstances as to how he collided with the front vehicle, discovery would serve no purpose. In any event, even if the information in the MV-104 report is considered, it can be safely concluded that discovery would not result in any disclosure defeating plaintiff's entitlement to summary judgment. Concur—Rosenberger, J. P., Williams, Tom and Mazzarelli, JJ.