◼ GEORGE VERDEJO et al., Plaintiffs, v LUIS E. AGUIRRE et al., Appellants, and TOMAS AMPARO, Respondent, et al., Defendant. [777 NYS2d 648]—

Order, Supreme Court, Bronx County (Dianne T. Renwick, J.), entered January 28, 2004, which, in an action for personal injuries sustained in an accident in which the vehicle driven by defendant-respondent was hit in the rear by the vehicle driven and owned by defendants-appellants, insofar as appealed from, granted respondent's motion for summary judgment dismissing appellants' cross claim against him, unanimously affirmed, without costs.

In support of the motion, respondent asserted that he brought his vehicle to a gradual stop at a red light and was stationary for 30 seconds when it was hit from behind by appellants' vehicle. In opposition, appellant driver asserted that respondent's vehicle "suddenly and without warning attempted to come to an abrupt stop," and, while acknowledging that the accident occurred near an intersection, does not mention a traffic light or describe the traffic conditions. Such opposition does not explain why appellant driver did not maintain a safe distance from the vehicle in front of him, and otherwise fails to adduce facts suf-

ficient to raise a genuine issue of fact as to whether any negligence on respondent's part contributed to the accident (*see Johnson v Phillips*, 261 AD2d 269, 271 [1999]; *Figueroa v Luna*, 281 AD2d 204, 206 [2001]). Concur—Nardelli, J.P., Saxe, Sullivan, Marlow and Catterson, JJ.