■ PAMELA TUTRANI et al., Respondents, v COUNTY OF SUFFOLK et al., Appellants, et al., Defendants. [840 NYS2d 809]—

In an action to recover damages for personal injuries, etc., the defendants County of Suffolk, Suffolk County Police Department, and Police Officer Lee Weidl appeal from (1) so much of an interlocutory judgment of the Supreme Court, Suffolk County (Jones, J.), dated May 12, 2006, as, upon a jury verdict on the issue of liability finding the defendant Police Officer Lee Weidl 50% at fault in the happening of the accident, upon the denial of their application pursuant to CPLR 4401 for judgment as a matter of law made at the close of the evidence, and upon the denial of their oral application pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law, is in favor of the plaintiffs and against them on the issue of liability, and (2) an order of the same court (Molia, J.), dated July 18, 2006, which denied their motion for an automatic stay pursuant to CPLR 5519 (a) (1).

Ordered that the appeal from the order dated July 18, 2006 is dismissed, as no appeal lies as of right from an order that does not decide a motion made on notice, and we decline to grant leave to appeal (*see* CPLR 5701 [a] [2]; *Coleman v Coleman*, 284 AD2d 426 [2001]); and it is further,

Ordered that the interlocutory judgment is reversed insofar as appealed from, on the law, the appellants' application pursuant to CPLR 4401 for judgment as a matter of law is granted, and the complaint is dismissed insofar as asserted against the appellants; and it is further,

Ordered that one bill of costs is awarded to the appellants.

On the morning of March 25, 2003 the plaintiff Pamela Tutrani (hereinafter the plaintiff) was driving her vehicle during rush-hour traffic on the service road of the Long Island Expressway near Exit 53 when her vehicle was struck in the rear by a vehicle operated by Darlene Maldonado. Seconds before their rear-end collision, a police vehicle operated by Suffolk County Police Officer Lee Weidl (hereinafter Officer Weidl) had come to an abrupt stop in front of the plaintiff's vehicle. The plaintiff was able to stop her vehicle in time and avoid colliding with the police vehicle.

There was no dispute that the plaintiff was not negligent in the happening of the accident, and the jury was so instructed. Upon the completion of the trial, the jury rendered a verdict finding Darlene Maldonado and Officer Weidl each 50% at fault in the happening of the accident. However, in view of the evidence that the plaintiff was able to come to a complete stop without hitting Officer Weidl's vehicle, Officer Weidl was not a proximate cause of the collision between the plaintiff's vehicle and Darlene Maldonado's vehicle (*see Hyeon Hee Park v Hi Taek Kim*, 37 AD3d 416 [2007]; *Good v Atkins*, 17 AD3d 315 [2005]; *Lejkowski v Siedlarz*, 2 AD3d 791 [2003]; *McNeill v Sandiford*, 270 AD2d 467 [2000]; *Lehmann v Sheaves*, 231 AD2d 687 [1996]; *Chamberlin v Suffolk County Labor Dept.*, 221 AD2d 580 [1995]). Accordingly, the appellants were entitled to judgment as a matter of law.

In light of our determination, the appellants' remaining contentions are academic. Schmidt, J.P., Goldstein, Covello and Dickerson, JJ., concur.