■ Kosmas J. Vavoulis, Respondent, v Cheryl M. Adler, Defendant, and Gregory S. Salem et al., Appellants. [842 NYS2d 526]—

In an action to recover damages for personal injuries, the defendants Gregory S. Salem and Harvey M. Salem appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, J.), entered January 17, 2006, as granted that branch of the plaintiff's motion which was for summary judgment against them on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment against the defendants Gregory S. Salem and Harvey M. Salem on the issue of liability is denied.

This case arises from an automobile accident involving three vehicles. It is undisputed that the plaintiff was stopped at a red light when his vehicle was struck from behind by a vehicle operated by the defendant Cheryl M. Adler. The Adler vehicle was struck from behind by a vehicle owned by the defendant Harvey M. Salem and operated by the defendant Gregory S. Salem.

A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe rate of speed and control over his or her vehicle and to exercise reasonable care to avoid colliding with the other vehicle (*see* Vehicle and Traffic Law § 1129 [a]; *Macauley v ELRAC, Inc.*, 6 AD3d 584 [2004]; *Chepel v Meyers*, 306 AD2d 235 [2003]). A rear-end collision with a stopped vehicle creates a prima facie case of negligence with respect to the moving vehicle, requiring the operator of the moving vehicle to come forward with an adequate nonnegligent explanation for the accident (*see Bustillo v Matturro*, 292 AD2d 554 [2002]; *Vecchio v Hildebrand*, 304 AD2d 749 [2003]; *Levine v Taylor*, 268 AD2d 566 [2000]).

The failure of the operator of the moving vehicle to come forward with an adequate explanation establishes the negligence of that operator as a matter of law, and is ordinarily sufficient for an award of summary judgment (*see Russ v Investech Sec.*, 6

AD3d 602 [2004]; *Vecchio v Hildebrand,* 304 AD2d 749 [2003]; *Bustillo v Matturro,* 292 AD2d 554 [2002]). The appellants failed to come forward with an adequate explanation in this case. However, in a multiple-vehicle accident, where, as here, there is a question of fact as to the sequence of the collisions, it cannot be said as a matter of law that the negligence of the operator of the last vehicle in the line of vehicles was a proximate cause of the injuries to an occupant of the lead vehicle (*see Geschwind v Hoffman,* 285 AD2d 448 [2001]; *see also Hudson v Cole,* 264 AD2d 439 [1999]; *Omrami v Socrates,* 227 AD2d 459 [1996]; *Cofrancesco v Murino,* 225 AD2d 648 [1996]; *cf. Harris v Ryder,* 292 AD2d 499 [2002]).

In this case, the plaintiff testified at his deposition that he felt two separate impacts, a "couple of seconds" apart and, while both impacts were characterized by the plaintiff as heavy, he thought the first one was heavier. The plaintiff also testified that although he had been stopped at the light for approximately one minute, he was not aware of, and did not see, any vehicles stopped behind him. The defendant Gregory S. Salem testified that the Adler vehicle was between 100 and 200 feet in front of him when he first saw it, but he did not remember if the Adler vehicle was moving when he first saw it. He also testified he did not recall seeing the brake lights on the Adler vehicle and he was not aware of the Adler vehicle being in motion at the time of impact. Adler has not appeared in this action.

The record thus contains evidence from which a jury could find Adler was negligent in addition to the appellants' negligence. If that finding is made, the jury would then have to determine whether both acts of negligence were concurrent proximate causes of the plaintiff's injuries, or only one or the other was the proximate cause (*see* PJI3d 2:70]; *Sheehan v City of New York,* 40 NY2d 496 [1976]; *Martinez v State of New York,* 29 AD3d 651, 652 [2006]). As a question of fact exists as to whether the appellants' negligence was a proximate cause of the plaintiff's injuries, the plaintiff's motion for summary judgment against the appellants on the issue of liability should have been denied. Prudenti, P.J., Fisher, Lifson and Angiolillo, JJ., concur.