10 N.Y.3d 906 (2008)
891 N.E.2d 726
861 N.Y.S.2d 610
PAMELA TUTRANI et al., Appellants,
v.
COUNTY OF SUFFOLK et al., Respondents, et al., Defendants.
Court of Appeals of the State of New York.
Argued April 30, 2008.
Decided June 12, 2008.
Philip J. Rizzuto, P.C., Carle Place (Kenneth R. Shapiro and Kristen N. Reed of counsel), for appellants.
*907 Christine Malafi, County Attorney, Hauppauge (Susan A. Flynn and Christopher A. Jeffreys of counsel), for respondents.
Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

OPINION OF THE COURT
MEMORANDUM.
The order of the Appellate Division should be reversed, with costs, and the matter remitted to that Court for consideration of issues raised but not determined on the appeal to that Court.
Defendant Lee Weidl, a Suffolk County police officer, was driving his marked police vehicle on the service road of the Long Island Expressway during morning rush-hour traffic. According to the testimony, while traveling in the middle lane of the three-lane highway, he abruptly decelerated from approximately 40 miles per hour to 1 or 2 miles per hour while changing lanes. Plaintiff, traveling immediately behind the officer, slammed on her brakes and was able to stop within "a half a car length" of Officer Weidl's vehicle without striking it. Seconds later, plaintiff's vehicle was rear-ended by a vehicle driven by defendant Darlene Maldonado.
A jury found that Officer Weidl's reckless conduct and Maldonado's negligence were each a substantial factor in causing plaintiff's injuries and apportioned fault at 50% each. The Appellate Division reversed the judgment entered upon the jury's verdict, holding, as a matter of law, that Officer Weidl's conduct was not a proximate cause of the accident because "plaintiff was able to come to a complete stop without hitting Officer Weidl's vehicle" (42 AD3d 496, 497 [2007]). We now reverse.
On this record, the jury could have rationally found that the officer's conduct was a substantial cause of the collision between plaintiff and Maldonado even though there was no contact between plaintiff's vehicle and the Weidl vehicle (see Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315 [1980]). Officer Weidl abruptly slowed his vehicle to a near stop in a travel lane of a busy highway where vehicles could reasonably expect that traffic would continue unimpeded. Thus, the jury could have rationally found, as it did here, that his conduct "`set into motion an eminently foreseeable chain of events that resulted in [the] collision'" between the vehicles driven by plaintiff and Maldonado (Sheffer v Critoph, 13 AD3d 1185, 1187 [4th Dept 2004], quoting Murtagh v Beachy, 6 AD3d 786, 788 [3d Dept 2004]). Indeed, in light of the fact that the accident occurred within seconds of Officer Weidl's abrupt deceleration, his "actions were not so `remote in time' from plaintiff's injury as to *908 preclude recovery as a matter of law" (McMorrow v Trimper, 149 AD2d 971, 972 [3d Dept 1989], affd 74 NY2d 830 [1989]; cf. Gralton v Oliver, 277 App Div 449 [3d Dept 1950], affd 302 NY 864 [1951]). Under these circumstances, it is irrelevant that plaintiff was able to stop her vehicle without striking Officer Weidl's vehicle.
It is well settled that a "rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle" (Stalikas v United Materials, 306 AD2d 810, 810 [4th Dept 2003] [internal quotation marks and citation omitted], affd 100 NY2d 626 [2003]). However, Maldonado's negligence in rear-ending plaintiff's stopped vehicle does not absolve Officer Weidl of liability as a matter of law. Clearly, Officer Weidl's actions created a foreseeable danger that vehicles would have to brake aggressively in an effort to avoid the lane obstruction created by his vehicle, thereby increasing the risk of rear-end collisions (cf. Ventricelli v Kinney Sys. Rent A Car, 45 NY2d 950, 952 [1978]). That a negligent driver may be unable to stop his or her vehicle in time to avoid a collision with a stopped vehicle is "a normal or foreseeable consequence of the situation created by" Officer Weidl's actions (Derdiarian, 51 NY2d at 315).
Order reversed, etc.