■ ADAN SOTO-MAROQUIN, Respondent, v MAUREEN MELLET et al., Appellants. [880 NYS2d 279]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered October 20, 2008, which, in an action for personal injuries sustained when plaintiff's vehicle was struck in the rear by defendants' vehicle, granted plaintiff's motion for partial summary judgment on the issue of liability, unanimously affirmed, without costs.

The affidavit submitted by a passenger in defendants' vehicle stating that the accident occurred because plaintiff's vehicle came to a sudden stop fails to explain why defendant driver did not maintain a safe distance between herself and the vehicle

ahead, and is otherwise insufficient to rebut the presumption that no negligence on plaintiff's part contributed to the accident (*see Sosa v Rehmat*, 46 AD3d 306 [2007]; *Verdejo v Aguirre*, 8 AD3d 63 [2004]; *Malone v Morillo*, 6 AD3d 324 [2004]). It does not avail defendants to argue that summary judgment was prematurely granted prior to plaintiff's deposition, where defendants' passenger provided no information concerning road conditions other than plaintiff's alleged sudden stop, defendant driver did not submit an affidavit in opposition to the motion, and defendant driver is the party presumably with knowledge of any nonnegligent reasons for the accident (*see Johnson v Phillips*, 261 AD2d 269, 272 [1999]; *Jean v Zong Hai Xu*, 288 AD2d 62 [2001]). Consideration of the police report was harmless in view of defendants' passenger's affidavit attesting to what defendants object to in the police report, namely, that defendants' vehicle struck plaintiff's vehicle in the rear after plaintiff's vehicle stopped to avoid hitting another vehicle. We have considered defendants' other arguments and find them unavailing. Concur—Andrias, J.P., Buckley, Moskowitz, DeGrasse and Richter, JJ.