█ TOMER DICTUREL, Appellant, v HAGI DUKUREH, Respondent. [897 NYS2d 87]—

Order, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered February 10, 2009, which denied plaintiff's motion for partial summary judgment on the issue of liability,

unanimously reversed, on the law, without costs, the motion granted and the matter remanded for further proceedings.

Summary judgment on the issue of liability should have been granted in this action for personal injuries sustained when plaintiff's vehicle was struck in the rear by defendant's vehicle. "When such a rear-end collision occurs, the injured occupant[ ] of the front vehicle [is] entitled to summary judgment on liability, unless the driver of the following vehicle can provide a non-negligent explanation, in evidentiary form, for the collision" (*Johnson v Phillips*, 261 AD2d 269, 271 [1999]). Here, defendant's opposition failed to provide such a nonnegligent explanation. Although defendant maintained that the accident was the result of plaintiff stopping suddenly, this does not explain his failure to maintain a safe distance from the vehicle in front of him and is "insufficient to rebut the presumption that no negligence on plaintiff's part contributed to the accident" (*Soto-Maroquin v Mellet*, 63 AD3d 449, 450 [2009]; *see Verdejo v Aguirre*, 8 AD3d 63 [2004]; Vehicle and Traffic Law § 1129 [a]). Concur—Mazzarelli, J.P., Friedman, DeGrasse, Abdus-Salaam and Manzanet-Daniels, JJ.