(June 11, 2015)

■ ROBERTO PASSOS et al., Respondents, v MTA BUS COMPANY et al., Appellants. [13 NYS3d 4]—

Orders, Supreme Court, Bronx County (Barry Salman, J.), entered September 13, 2013, and October 21, 2013, which granted plaintiffs' motions for summary judgment on the issue of liability, reversed, on the law, without costs, and the motions denied.

On May 3, 2010 three cars were involved in a double rear end collision on Second Avenue, between 78th and 79th Streets. The first vehicle was driven by nonparty DiPaoli, the middle vehicle, a truck, was driven by plaintiff Passos (plaintiffs Miranda and Mr. Brown were passengers), and the rear vehicle (an MTA bus) was driven by defendant Victor Moses. At his deposition, DiPaoli testified that he was at a complete stop at a red light, and that he was hit twice in the rear. He described the second impact as "substantially less [forceful] than the first impact."

Plaintiffs moved for summary judgment against the MTA and the driver of the bus (MTA defendants), claiming that the driver of the bus failed to maintain a safe distance between the bus and the Passos truck. The motion court granted plaintiffs' motions for summary judgment. We reverse, and deny the motions.

When approaching another vehicle from behind, drivers are required to maintain a reasonably safe rate of speed, maintain control over the vehicle, and use reasonable care to avoid a collision, by, among other things, including maintaining a safe distance (Vehicle and Traffic Law § 1129 [a]). Under the law applicable to rear end collisions, a presumption of negligence is established by proof that a stopped car was struck in the rear (*Stalikas v United Materials*, 306 AD2d 810, 810 [4th Dept

2003], *affd* 100 NY2d 626 [2003]). However, that presumption can be rebutted if the operator of the rear vehicle comes forward with an adequate non-negligent explanation for the accident (*id.*; *Vavoulis v Adler*, 43 AD3d 1154, 1155 [2d Dept 2007]).

The Court of Appeals decision in *Tutrani v County of Suffolk* (10 NY3d 906 [2008]) is instructive. In that case, a defendant police officer abruptly came to a near stop in the middle of a roadway (*id.* at 907). The plaintiff, traveling immediately behind the police vehicle, was able to stop "within a half a car length" of the vehicle without striking it (*id.*). Seconds later, a third car rear-ended the plaintiff's car (*id.*). The jury rendered a verdict apportioning liability 50% against the police officer and 50% against the third car (*id.*). The Second Department reversed, and found the rear car 100% liable for the accident (42 AD3d 496, 497 [2007], *revd* 10 NY3d 906 [2008]). The Court of Appeals reversed (10 NY3d at 907). Recognizing the presumption that a rear end collision with a stopped car establishes a prima facie case of liability on the part of the driver of the rear vehicle, the Court nonetheless concluded that the front driver/police officer was not absolved of liability because his actions "created a foreseeable danger that vehicles would have to brake aggressively in an effort to avoid the lane obstruction created by his vehicle, thereby increasing the risk of rear end collisions. That a negligent driver may be unable to stop his or her vehicle in time to avoid a collision with a stopped vehicle is a normal or foreseeable consequence of the situation created by [the police officer's] actions" (*id.* at 908 [internal citations and quotation marks omitted]).

Viewing this record, including DiPaoli's deposition testimony, in the light most favorable to the MTA defendants, we cannot conclusively determine liability as a matter of law (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 503 [2012]). DiPaoli, the driver of the front vehicle, testified that his vehicle was struck in the rear, in a manner he described as a "decent jolt." He then testified to feeling a second "impact from behind." Given uncontested evidence that Passos's truck was directly behind the DiPaoli car, and that the MTA Bus was behind Passos's truck, this testimony raises an issue of fact as to whether Passos hit DiPaoli before being rear-ended. In a multi vehicle accident, "where, as here, there is a question of fact as to the sequence of the collisions," it cannot be said as a matter of law there was only one proximate cause of plaintiffs' injuries (*Vavoulis*, 43 AD3d at 1156).

The police accident report, which the dissent cites as evi-

dence that the bus precipitated a chain collision, conflicts with DiPaoli's testimony, bolstering the conclusion that there are disputed issues of fact.

A jury question is presented—namely, whether Passos's collision with the DiPaoli vehicle created a foreseeable danger that the MTA defendants would also have to brake aggressively, increasing the risk of a second rear end collision (*Tutrani*, 10 NY3d at 908; *Vavoulis*, 43 AD3d at 1156; *Carhuayano v J&R Hacking*, 28 AD3d 413, 414-415 [2006]; *Schmidt v Guenther*, 103 AD3d 1162, 1163 [4th Dept 2013]). Alternatively the jury may determine that the accident was the sole fault of the MTA defendants. In either event, our role on these motions is limited to issue finding, not issue determination (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957]). Concur—Gonzalez, P.J., Renwick, DeGrasse and Gische, JJ.

Manzanet-Daniels, J., dissents in a memorandum as follows: I would affirm the orders appealed from granting plaintiffs' motions for summary judgment as to liability.

Pursuant to Vehicle and Traffic Law § 1129 (a), "[d]rivers must maintain safe distances between their cars and cars in front of them[,] and this rule imposes on them a duty to be aware of traffic conditions, including vehicle stoppages" (*Johnson v Phillips*, 261 AD2d 269, 271 [1st Dept 1999]). Hence, "a rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the operator of the second vehicle," and "the injured occupants of the front vehicle are entitled to summary judgment on liability, unless the driver of the following vehicle can provide a non-negligent explanation, in evidentiary form, for the collision" (*id.*). A claim that the lead vehicle came to a sudden or unanticipated stop is generally insufficient to rebut the presumption of negligence on the part of the rear-ending vehicle (*see Profita v Diaz*, 100 AD3d 481, 482 [1st Dept 2012]; *Dicturel v Dukureh*, 71 AD3d 558, 559 [1st Dept 2010]; *Agramonte v City of New York*, 288 AD2d 75, 76 [1st Dept 2001]).

Defendants' opposition is based on DiPaoli's testimony that there were two impacts. Defendants theorize that DiPaoli could only have felt two impacts if plaintiff Passos struck DiPaoli's car (the lead car), followed by the bus hitting Passos and pushing him into DiPaoli's car. However, DiPaoli had absolutely no idea as to the sequence of events or what caused the two impacts. The bus driver, who purported to be looking straight ahead at the time of the accident, did not observe Passos's vehicle hit the DiPaoli vehicle before he struck Passos. Defendants' contention that Passos struck the DiPaoli vehicle first, precipitating the accident, is thus surmise and conjecture.

Even assuming the Passos vehicle struck DiPaoli's vehicle first, as defendants argue, this still would not furnish a non-negligent explanation for why the bus rear-ended the Passos vehicle. It is undisputed that the DiPaoli and Passos vehicles were at a complete stop when the bus rear-ended the Passos vehicle. The vehicles were proceeding through normal rush-hour traffic on a busy Manhattan thoroughfare. It was therefore incumbent on bus driver Moses to maintain a safe rate of speed and stopping distance in anticipation of the potential need to stop, even suddenly, particularly since the road was wet. If Moses were driving five miles per hour or less, as he testified, there does not appear to be any reason why he could not have stopped prior to rear-ending the Passos vehicle.

*Tutrani v County of Suffolk* (10 NY3d 906 [2008]) does not compel a different result. *Tutrani* involved a lead vehicle that abruptly decelerated from 40 miles per hour to one or two miles per hour while changing lanes on a highway where one "could reasonably expect that [the] traffic would continue unimpeded," thus setting into motion a chain collision (*id.* at 907). It is not difficult to see why, under those circumstances, the Court of Appeals determined that the jury's apportionment of 50% fault to the driver of the lead vehicle was appropriate, notwithstanding the fact that the driver of the second vehicle was able to stop "within a half a car length" (*id.*). The facts here, of course, are very different. The vehicles were traveling through normal rush-hour traffic. The first and second vehicles were at a complete stop, and the driver of the bus was allegedly traveling no more than five miles per hour, immediately preceding the collision.

The police accident report corroborates that the bus hit the Passos vehicle in the rear, precipitating the chain collision. Defendants cannot object to the motion court's reliance on the report, given that they failed to register an objection and that they attached the report and referenced its content in opposition papers to the motion of plaintiff passengers.

The report does not reflect the unobserved conclusions of the police officer, but merely records the statements of the drivers, including defendant bus driver's admission that he rear-ended the Passos vehicle, causing it to hit the rear of the DiPaoli vehicle. The police officer who prepared the report was acting within the scope of his duty in recording defendant bus driver's statement, and thus, the statement is admissible as a party admission (*see Jackson v Trust*, 103 AD3d 851, 852 [2d Dept 2013]; *Ramos v Rojas*, 37 AD3d 291, 292 [1st Dept 2007]).