■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARIUS TROTMAN, Appellant. [61 NYS3d 901]—Judgment, Supreme Court, Bronx County (Alvin Yearwood, J.), rendered June 30, 2016, convicting defendant, upon his plea of guilty, affirmed.

Although we do not find that defendant made a valid waiver of the right to appeal, we perceive no basis for reducing the sentence. Concur—Friedman, J.P., Richter, Andrias, Gische and Moulton, JJ.

■ JHENSY RODRIGUEZ, Appellant, v J. GONZALEZ GARCIA et al., Respondents. [62 NYS3d 267]—

Order, Supreme Court, Bronx County (Donna Mills, J.), entered April 5, 2017, which denied plaintiff's motion for partial summary judgment on the issue of liability, unanimously reversed, on the law, without costs, and the motion granted.

Plaintiff established entitlement to judgment as a matter of law by submitting an affidavit averring that while she was stopped in traffic, the vehicle operated by defendant Garcia struck her vehicle from behind. In opposition, defendants failed to raise a triable issue of fact, as they did not provide a non-negligent explanation for the collision (see *Castaneda v DO&CO N.Y. Catering, Inc.*, 144 AD3d 407 [1st Dept 2016]; *Cruz v Lise*, 123 AD3d 514 [1st Dept 2014]; *Dicturel v Dukureh*, 71 AD3d 558, 559 [1st Dept 2010]). Plaintiff's motion was not premature due to the lack of plaintiff's deposition, because the information as to why defendants' car struck the rear end of plaintiff's car reasonably rests within defendant driver's own knowledge (see *Castaneda* at 407; *Johnson v Phillips*, 261 AD2d 269, 272 [1st Dept 1999]). Concur—Friedman, J.P., Richter, Andrias, Gische and Moulton, JJ.