Martinez v WE Transp. Inc. (2018 NY Slip Op 03311)





Martinez v WE Transp. Inc.


2018 NY Slip Op 03311


Decided on May 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2018

Renwick, J.P., Mazzarelli, Kahn, Gesmer, Kern, JJ.


6248 24940/15E

[*1]Luis A. Martinez, Plaintiff-Appellant,
v
WE Transport Inc., et al., Defendants-Respondents.


Law Office of Marshall S. Bluth, P.C., New York (Marshall S. Bluth of counsel), for appellant.
Lewis Johs Avallone & Aviles, LLP, Islandia (Robert A. Lifson of counsel), for respondents.



Order, Supreme Court, Bronx County (Donna M. Mills, J.), entered January 30, 2017, which denied plaintiff's motion for partial summary judgment on the issue of liability, unanimously reversed, on the law, without costs, and the motion granted.
The motion court should have granted plaintiff's motion in this action for personal injuries sustained in a collision between two buses.
The Vehicle and Traffic Law (§ 1180[a]) imposes a duty to drive at a safe rate of speed under existing conditions. In addition, "drivers have a duty to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident'" (Johnson v Phillips, 261 AD2d 269, 271 [1st Dept 1999], quoting DeAngelis v Kirschner, 171 AD2d 593, 595 [1st Dept 1991]).
Here, plaintiff submitted an affidavit in which he swore that the road was wet and slippery, that puddles had formed, and that the driver of defendants' bus was traveling at too fast a rate of speed under these circumstances, lost control, and struck plaintiff's bus in the neighboring lane. In defendants' accident report, relied on by plaintiff before the motion court and by defendants in their appellate brief, the driver of defendants' bus stated that, as he drove over a puddle of water, the back wheels "beg[a]n to slide and the bus hit the wall and rolled into the middle lane," striking plaintiff's bus. Together, plaintiff's affidavit, and defendants' accident report, the authenticity and accuracy of which are not disputed, established plaintiff's prima facie entitlement to judgment as a matter of law on the issue of liability (see Czekala v Meehan, 27 AD2d 565 [1st Dept 1966], affd 20 NY2d 686 [1967] [evidence establishing that car moved off road and hit barrier was prima facie evidence of driver's negligence]).
In opposition, defendants failed to raise a triable issue of fact. Defendant driver submitted an affidavit in which he claimed that he was operating his bus at a reasonable speed "considering the conditions then existing." At the same time, he did not deny that the roads were wet and slippery, but claimed that he did not "observe any accumulation of water or other slippery roadway condition," even though in his accident report he admitted to having driven over a puddle. He alleged, in conclusory terms, that plaintiff had failed to take evasive action after he lost control of defendants' bus and skidded into plaintiff's lane. He did not claim that plaintiff was driving at an inappropriate speed under the circumstances. In any event, "[t]o be entitled to partial summary judgment a plaintiff does not bear the double burden of establishing a prima facie case of defendant's liability and the absence of his or her own comparative fault" (Rodriguez v City of New York, __ NY3d __, 2018 NY Slip Op 02287, *6 [2018]). Defendant driver's affidavit "appears to have been submitted to avoid the consequences of his prior admission . . . and, thus, is insufficient to defeat plaintiff's motion for partial summary judgment" (Garzon-Victoria v Okolo, 116 AD3d 558, 558 [1st Dept 2014]).
We reject defendants' arguments concerning the emergency doctrine, since defendant driver admitted to driving over a puddle and never denied that wet and slippery road conditions existed (see Caristo v Sanzone, 96 NY2d 172, 175 [2001]).
On this record, we do not find plaintiff's motion to be premature (see Johnson, 261 AD2d at 272).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 8, 2018
CLERK