Miller v DeSouza (2018 NY Slip Op 07065)





Miller v DeSouza


2018 NY Slip Op 07065


Decided on October 23, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2018

Sweeny, J.P., Gische, Tom, Mazzarelli, Kern, JJ.


7434 21361/16E

[*1]Darlene Miller, Plaintiff,
v
Moises Nunes DeSouza, Defendant-Respondent, William Rothchild, et al., Defendants-Appellants.


Russo & Tambasco, Melville (Yamile R. Al-Sullami of counsel), for appellants.
Sclar Law Group LLP, Brooklyn (Alan M. Sclar of counsel), for respondent.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered July 19, 2017, which, in this action for personal injuries sustained in a motor vehicle accident, denied the motion of defendants William Rothchild and Sharon Rothchild (Rothchilds) for summary judgment dismissing the complaint and all cross claims as against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
The Rothchilds, in whose vehicle plaintiff was a passenger, established entitlement to judgment as a matter of law by submitting deposition testimony that defendant DeSouza's vehicle rear-ended their stopped vehicle (see Johnson v Phillips, 261 AD2d 269 [1st Dept 1999]). Upon the burden shift, DeSouza failed to offer a nonnegligent explanation for the accident (see Rodriguez v Garcia, 154 AD3d 581 [1st Dept 2017]). The record shows that the accident occurred in heavy, stop-and-go traffic, and DeSouza testified to driving three-to-five miles per hour for at least 10 minutes prior to the accident, that he observed cars immediately in front of the Rothchilds' vehicle, and that he did not place his foot on his brake until his moving vehicle was two feet from the Rothchilds' back bumper. A driver is supposed to make reasonable use of his or her senses (see Martinez v WE Transp. Inc., 161 AD3d 458 [1st Dept 2018), drive at a safe rate of speed under existing conditions (see Vehicle and Traffic Law § 1180[a]; Chepel v Meyers, 306 AD2d 235 [2d Dept 2003]), and
maintain a safe distance from other motor vehicles (see Vehicle and Traffic Law § 1129[a]; Passos v MTA Bus Co., 129 AD3d 481 [1st Dept 2015]), which was not done in this case.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 23, 2018
CLERK