Weinert-Salerno v Stefanski (2019 NY Slip Op 01991)





Weinert-Salerno v Stefanski


2019 NY Slip Op 01991


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


1387 CA 18-00884

[*1]MAUREEN A. WEINERT-SALERNO, PLAINTIFF-RESPONDENT,
v
APRIL L. STEFANSKI, DEFENDANT-RESPONDENT, CHRISTOPHER E. MONACO, DEFENDANT-APPELLANT, AND ANDREW J. DAVID, DEFENDANT. 






KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (JUSTIN L. HENDRICKS OF COUNSEL), FOR DEFENDANT-APPELLANT.
MARTYN AND MARTYN, MINEOLA (AMANDA L. RAIMONDI OF COUNSEL), FOR DEFENDANT-RESPONDENT.
WILLIAM MATTAR, P.C., ROCHESTER (MATTHEW J. KAISER OF COUNSEL), FOR PLAINTIFF-RESPONDENT.


 Appeal from an order of the Supreme Court, Niagara County (Daniel Furlong, J.), entered July 20, 2017. The order, insofar as appealed from, granted the motion of defendant April L. Stefanski for summary judgment dismissing the complaint and all cross claims and counterclaims against her. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that she allegedly sustained when the vehicle she was operating was involved in a series of collisions with three other vehicles that were operated by defendants. Contrary to the contention of defendant Christopher E. Monaco, Supreme Court properly granted the motion of defendant April L. Stefanski seeking summary judgment dismissing the complaint and any cross claims and counterclaims against her.
We conclude that Stefanski established that she was not responsible for any of the collisions, and thus that she was entitled to judgment as a matter of law (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). In support of her motion, Stefanski submitted evidence that she was operating the lead vehicle, had activated her right turn signal and moved to the right-hand shoulder of the road, and had slowed her vehicle to 3 to 5 miles per hour in order to make a right-hand turn into her driveway. At that point, her vehicle was struck by plaintiff's vehicle.
In opposition to the motion, Monaco submitted deposition testimony from himself, plaintiff and Stefanski, but we conclude that those submissions failed to raise any triable issue of fact concerning Stefanski's alleged negligence (see Ruzycki v Baker, 301 AD2d 48, 50 [4th Dept 2002]; Mascitti v Greene, 250 AD2d 821, 822 [2d Dept 1998]; see also Verdejo v Aguirre, 8 AD3d 63, 63-64 [1st Dept 2004]). This is not a case where the lead vehicle, i.e., Stefanski's vehicle, stopped or slowed down suddenly (cf. Macri v Kotrys, 164 AD3d 1642, 1643 [4th Dept 2018]; James v Thomas, 156 AD3d 1440, 1441 [4th Dept 2017]; Brooks v High St. Professional Bldg., Inc., 34 AD3d 1265, 1266-1267 [4th Dept 2006]). Instead, the submissions from all parties establish that Stefanski had activated her right turn signal and had slowed or stopped in anticipation of turning into the driveway. Plaintiff even conceded during her deposition testimony that she observed Stefanki's vehicle slowing from a distance of six car lengths.
Although there may be some unresolved questions concerning the weather and road conditions at the time that plaintiff's vehicle struck the rear end of Stefanski's vehicle, we reject Monaco's contention that such questions preclude an award of summary judgment to Stefanski. Indeed, it was plaintiff's duty to take heed of such conditions and account for them in how she reacted to seeing Stefanski activate her right turn signal and slow or stop in preparation for turning (see LaMasa v Bachman, 56 AD3d 340, 340 [1st Dept 2008]; Montes v New York City Tr. Auth., 46 AD3d 121, 125 [1st Dept 2007]; see also Rodriguez v City of New York, 161 AD3d 575, 577 [1st Dept 2018]; Mitchell v Gonzalez, 269 AD2d 250, 251 [1st Dept 2000]).
Monaco further contends that Stefanski is not entitled to summary judgment because, during her deposition, plaintiff testified that Stefanski's vehicle was positioned at a 90-degree angle to plaintiff's vehicle when the two vehicles collided. The photographic evidence submitted in support of and in opposition to the motion, however, establish that plaintiff's testimony to that effect is incredible as a matter of law (see generally Lewis v Carrols LLC, 158 AD3d 1055, 1056-1057 [4th Dept 2018]; Zapata v Buitriago, 107 AD3d 977, 979 [2d Dept 2013]). The damage to Stefanski's vehicle was to the left quarter panel and rear bumper, i.e., the rear of the driver's side. Had Stefanski's vehicle been at a 90-degree angle to the road and entering her driveway on the right at the time of the collision, as plaintiff testified, the damage to Stefanski's vehicle would have been on the passenger side, not the rear driver's side. Finally, we reject Monaco's contention that the unresolved sequence in which the collisions occurred, i.e., whether plaintiff's vehicle collided with Stefanski's vehicle before or after Monaco's vehicle collided with plaintiff's vehicle, precludes an award of summary judgment to Stefanski. Whatever the sequence, the record establishes that Stefanski's actions had no part in determining it.
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court