Samouhi v Retamales (2020 NY Slip Op 01378)





Samouhi v Retamales


2020 NY Slip Op 01378


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2018-13648
 (Index No. 515441/16)

[*1]Tiffany Samouhi, appellant, 
v
Kevin Retamales, et al., respondents, et al., defendants.


Ogen & Sedaghati, P.C., New York, NY (Eitan Alexander Ogen of counsel), for appellant.
Carman, Callahan & Ingham, LLP, Farmingdale, NY (Anne O'Brien, Howard J. Kaplan, and Tracy Reifer of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated October 18, 2018. The order denied the plaintiff's motion for summary judgment on the issue of liability insofar as asserted against the defendants Kevin Retamales and Biscuits & Bath, LLC.
ORDERED that the order is affirmed, with costs.
On December 20, 2015, at approximately 12:00 p.m., the plaintiff was sitting in the front passenger seat of a vehicle owned by the defendant Saied Soleimani and operated by the defendant Charlene Soleimani when it was struck in the rear by a vehicle operated by the defendant Kevin Retamales and owned by the defendant Biscuits & Bath, LLC (hereinafter B & B). The plaintiff subsequently commenced this action against Retamales, B & B, Saied Soleimani, and Charlene Soleimani. The plaintiff moved for summary judgment on the issue of liability insofar as asserted against Retamales and B & B. The Supreme Court denied the motion. The plaintiff appeals.
A plaintiff is no longer required to show freedom from comparative fault in order to establish her or his prima facie entitlement to judgment as a matter of law on the issue of liability (see Rodriguez v City of New York, 31 NY3d 312; Buchanan v Keller, 169 AD3d 989, 991; Merino v Tessel, 166 AD3d 760). A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see Tutrani v County of Suffolk, 10 NY3d 906, 908; Grant v Carrasco, 165 AD3d 631; Lopez v Dobbins, 164 AD3d 776, 777). Here, in support of the motion, the plaintiff submitted, inter alia, the transcript of the deposition testimony of Retamales, which presented triable issues of fact as to whether he had a nonnegligent explanation for striking the rear of the host vehicle (see Merino v Tessel, 166 AD3d 760; Grant v Carrasco, 165 AD3d at 631-632). Accordingly, we agree with the Supreme Court's determination denying the plaintiff's motion for summary judgment on the issue of liability insofar as asserted against Retamales and B & B, regardless of the sufficiency of the opposition papers (see [*2]Winegrad v New York Univ. Med. Ctr., 64 NY2d 851-853).
SCHEINKMAN, P.J., RIVERA, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court