Edwards v Aponte (2020 NY Slip Op 01702)





Edwards v Aponte


2020 NY Slip Op 01702


Decided on March 12, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 12, 2020

Richter, J.P., Manzanet-Daniels, Singh, Moulton, JJ.


11251 22326/17E

[*1] Leslie Edwards, Plaintiff-Respondent,
v
Amanda Aponte, et al., Defendants-Appellants, Tanya L. Hernandez, et al., Defendants. Namita A. Ghandi, Defendant-Respondent.


Henderson & Brennan, White Plains (Brian C. Henderson of counsel), for appellants.
Hausman & Pendzick, Harrison (Elizabeth M. Pendzick of counsel), for Leslie Edwards, respondent.
James G. Bilello & Associates, Hicksville (Melissa A. Marano of counsel), for Namita A. Ghandi, respondents.



Order, Supreme Court, Bronx County (John R. Higgitt, J.), entered October 18, 2018, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on the issue of liability against defendants Amanda Aponte and Nelson Aponte, and, upon a search of the record, granted summary judgment in favor of codefendants Hernandez, Torres, Arnold, and Ghandi on their cross claims for common-law contribution and apportionment of liability, unanimously affirmed, without costs.
Plaintiff established a prima facie case of negligence by showing that the vehicle driven by defendant Amanda Aponte and owned by defendant Nelson Aponte struck her vehicle in the rear while she was stopped in heavy traffic (see Baez-Pena v MM Truck & Body Repair, Inc., 151 AD3d 473, 476 [1st Dept 2017]). Amanda Aponte's contention that plaintiff unexpectedly stopped short was insufficient to rebut plaintiff's showing, especially in light of the fact that Aponte conceded that traffic conditions were heavy (see Elihu v Nicoleau, 173 AD3d 578 [1st Dept 2019]). Contrary to the Apontes' argument, there were no conflicting accounts regarding the collision between their vehicle and plaintiff's vehicle, and plaintiff's motion was not premature (see Rodriguez v Garcia, 154 AD3d 581 [1st Dept 2017).
In view of the foregoing, the motion court properly searched the record and granted summary judgment in favor of the codefendants on the cross claims for contribution against the Apontes. Contrary to the Apontes' contention, the codefendants were not required to demonstrate their own freedom from liability
in order to obtain contribution (see generally Glaser v Fortunoff of Westbury Corp., 71 NY2d 643, 646 [1988]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 12, 2020
CLERK