Mirza v Tribeca Auto. Inc. (2020 NY Slip Op 07287)





Mirza v Tribeca Auto. Inc.


2020 NY Slip Op 07287


Decided on December 03, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 03, 2020

Before: Renwick, J.P., Manzanet-Daniels, Mazzarelli, Singh, Scarpulla, JJ. 


Index No. 33797/18E Appeal No. 12518 Case No. 2020-02551 

[*1]Ali Mirza, Plaintiff-Respondent,
v
Tribeca Automotive Inc. et al., Defendants-Appellants.


O'Connor Reed Orlando LLP, Port Chester (Jerri A. DeCamp of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent.



Order, Supreme Court, Bronx County (Shawndya L. Simpson, J.), entered September 4, 2019, which granted plaintiff's motion for partial summary judgment on the issue of liability, unanimously affirmed, without costs.
In this rear-end collision case, defendants failed to raise an issue of fact as to an adequate, nonnegligent explanation for the accident (Urena v GVC Ltd., 160 AD3d 467 [1st Dept 2018]). Defendant driver Lajara-Lajara had the obligation to maintain a safe distance between himself and the cars in front of him so as to avoid collisions with stopped vehicles (Vehicle and Traffic Law § 1129[a]; LaMasa v Bachman, 56 AD3d 340 [1st Dept 2008]). While [*2]defendants contended that plaintiff's vehicle came to a sudden stop in heavy traffic on the Cross Bronx Expressway, and that defendant driver could not see that traffic had stopped around a bend in the road, that alone does constitute a non-negligent explanation (see Morales v Consolidated Bus Tr., Inc., 167 AD3d 457, 458 [1st Dept 2018]; Bajrami v Twinkle Cab Corp., 147 AD3d 649 [1st Dept 2017]). The circumstances did not constitute a sudden, unanticipated emergency (see Renteria v Simakov, 109 AD3d 749, 750 [1st Dept 2013]).
Additionally, the motion for summary judgment was not premature. Defendants did not identify any evidence in plaintiff's possession that would support a non negligent cause for the rear-end collision. Defendant driver did not dispute that his truck rear-ended plaintiff's vehicle after plaintiff came to a stop in heavy traffic, and defendants were in possession of all of relevant information as to why he did so (see Rodriguez v Garcia, 154 AD3d 581, 581 [1st Dept 2017]; Castaneda v DO&CO N.Y. Catering, Inc., 144 AD3d 407, 407 [1st Dept 2016]). Defendants' speculation that discovery might reveal what driving maneuvers plaintiff performed and the condition of plaintiff's car is insufficient to deny the motion for partial summary judgment (Tavarez v Herrasme, 140 AD3d 453, 454 [1st Dept 2016]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 3, 2020