Ortiz v Maxon (2022 NY Slip Op 05375)

Ortiz v Maxon

2022 NY Slip Op 05375

Decided on September 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 29, 2022

Before: Acosta, P.J., Mazzarelli, Gesmer, González, Pitt, JJ. 

Index No. 450959/19 Appeal No. 16306-16306A Case No. 2022-01024, 2022-01025 

[*1]Joselito Paulino Ortiz, Plaintiff,
v
Jeffrey M. Maxon, Defendant-Appellant, Bypass Orthotic and Prosthetic Corp., et al., Defendants-Respondents. 

Montfort, Healy, McGuire & Salley LLP, Garden City (Jeffrey D. Present of counsel), for appellant.
Morris Duffy Alonso Faley & Pitcoff, New York (Iryna Krauchanka and Kevin Faley of counsel), for respondents.

Judgment, Supreme Court, New York County (Lisa Headley J.), entered November 15, 2021, dismissing the complaint and cross claims against defendants Steven Garmise, Mark Garmise, and Bypass Orthotic and Prosthetic Corp. (the Garmise defendants), unanimously modified, on the law, without costs, and the cross claims by defendant Jeffrey M. Maxon reinstated as against the Garmise defendants. Order, same court and Justice, entered September 30, 2021, which granted the Garmise defendants' summary judgment motion, unanimously dismissed, without costs, as subsumed in the appeal from the order.
In this action involving a double rear-end chain vehicle collision, Maxon is aggrieved by the dismissal of his cross claims as against the Garmise defendants, and thus has standing to appeal (see Jones v City of New York, 170 AD3d 559 [1st Dept 2019]). Although the Garmise defendants are no longer liable to plaintiff because the court granted their motion for summary judgment dismissing the complaint as against them and plaintiff did not oppose the motion, Maxon is not prevented from recovering against them based on their proportionate fault for plaintiff's injuries (see Mixon v TBV, Inc., 76 AD3d 144, 157 [2d Dept 2010]).
As to the merits, the Garmise defendants failed to demonstrate their entitlement to judgment as a matter of law. Viewing the evidence in the light most favorable to Maxon, with all reasonable inferences to be drawn in his favor, the Garmise defendants failed to carry their evidentiary burden of providing a nonnegligent reason for their collision with plaintiff's vehicle (see Passos v MTA Bus Co., 129 AD3d 481, 482 [1st Dept 2015]; Sanford v Stillitano, 241 AD2d 489, 489 [2d Dept 1997]). There was conflicting deposition testimony between defendants Steven Garmise and Maxon as to the sequence of collisions, as well as testimony suggesting that the force of impact was much more severe between Steven Garmise's and plaintiff's vehicles than between Maxon's and Steven Garmise's vehicles. Furthermore, neither the uncertified police report of the accident nor the Garmise defendants' assertions regarding Maxon's credibility, without
more, eliminated all questions of fact (see Rivera v GT Acquisition 1 Corp., 72 AD3d 525, 526 [1st Dept 2010]; Melendez v Alliance Hous. Assoc., L.P., 201 AD3d 437, 438 [1st Dept 2022]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 29, 2022