Pearson v Jakubcin

2026 NY Slip Op 02930

May 12, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Candace Pearson, et al., Respondents,

v

Zuzana Jakubcin, Appellant, Jonathan Calle Pelaez, Defendant.

Decided and Entered: May 12, 2026

Index No. 809382/22|Appeal No. 6601|Case No. 2025-03751|

Before: Scarpulla, J.P., Mendez, Shulman, Rodriguez, Hagler, JJ.

The Law Office of David S. Klausner PLLC, White Plains (Stephen Slater of counsel), for appellant.

Zalman Schnurman & Miner P.C., New York (Marc H. Miner of counsel), for respondents.

[*1]

Order, Supreme Court, Bronx County (Patsy Gouldborne, J.), entered on or about April 15, 2025, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion for summary judgment on the issue of liability, unanimously reversed, on the law, without costs, and the motion denied.

Plaintiffs established prima facie entitlement to summary judgment on the issue of liability against defendant Jakubcin by submitting evidence that Jakubcin's vehicle rear-ended their vehicle (see Romero v Valdez, 198 AD3d 496, 497 [1st Dept 2021], lv dismissed 37 NY3d 1232 [2022]). However, Jakubcin raised a triable issue of fact by offering a nonnegligent explanation for the collision (see Tutrani v County of Suffolk, 10 NY3d 906, 908 [2008]). Jakubcin testified that she was travelling southbound in the center lane on Interstate 95 and that she was following a box car for about 10 miles at 60 miles per hour, when the box car suddenly moved into the right lane after signaling, at which time Jakubcin first observed plaintiffs' car. Jakubcin testified that plaintiffs' car was slow moving or became disabled and abruptly stopped in the center lane, only "seconds" in travel time ahead of Jakubcin's car. The box car had obstructed Jakubcin's view of the center lane conditions. Jakubcin quickly discerned she could not safely move into either the left or right lanes of the highway due to cars travelling in those lanes near her vehicle. Thus, Jakubcin's testimony "raises a triable issue as to whether [s]he was entitled to expect that traffic would continue unimpeded" (Richards v Mitchell, 172 AD3d 439, 439-440 [1st Dept 2019]; see also Romero, 198 AD3d at 497). Further, there was evidence that plaintiffs' car was not working and had no lights or emergency lights activated (see Romero, 198 AD3d at 497). While Jakubcin did not plead the emergency doctrine as an affirmative defense, she was not precluded "from raising the issue in response to [plaintiffs'] summary judgment motions" (Richards, 172 AD3d at 440).

THIS CONSTITUTES THE DECISION AND ORDER

OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 12, 2026