■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVVON HINES, Appellant. [898 NYS2d 145]—

Judgment, Supreme Court, New York County (Thomas A. Farber, J.), rendered September 4, 2008, as amended September 12, 2008, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, criminal sale of a controlled substance in or near school grounds, and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second felony drug offender whose prior felony conviction was a violent felony, to an aggregate term of six years, unanimously affirmed.

The court properly responded to a note from the deliberating jury. In this observation sale case, defendant contended he was the buyer instead of the seller. There was evidence that the person whom the People alleged to be the buyer possessed, among other things, a methadone pill, but there was no testimony describing methadone. The court responded affirmatively to a note asking if jurors could take into account their knowledge of the purpose of methadone in deciding the case, and it appropriately cautioned the jury that such knowledge must be based on ordinary experience rather than special expertise (*see People v Arnold*, 96 NY2d 358, 364-368 [2001]; *People v Maragh*, 94 NY2d 569, 574-576 [2000]). We conclude that the note addressed a matter of common knowledge (*see* Prince, Richardson on Evidence § 2-206 [Farrell 11th ed]), and that the court was not obligated to tell the jury not to consider the purpose of methadone. In any event, any error was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]). Even assuming that the jury drew the inference that the alleged buyer was a drug addict, and also assuming that such an inference was unwarranted, this factor was of little value in determining which

party was the seller, and it was unlikely to have affected the verdict.

We decline to invoke our interest of justice jurisdiction to dismiss the noninclusory concurrent count. Concur—Andrias, J.P., Sweeny, Renwick, Abdus-Salaam and Manzanet-Daniels, JJ.