| |
|---|
| **Rozo v Ancona** |
| 2020 NY Slip Op 35558(U) |
| September 28, 2020 |
| Supreme Court, Bronx County |
| Docket Number: Index No. 26486/19E |
| Judge: Ben R. Barbato |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

**SUPREME COURT STATE OF NEW YORK**
**COUNTY OF BRONX TRIAL TERM- PART 14**

**Present:** Honorable Ben R. Barbato

---

ANGIE BERNAL ROZO and ALIXON TRINIDAD,

**DECISION/ORDER**

Plaintiff,

Index No.: 26486/19E

-against-

ROGER ANCONA, RISHAD MUBARAK and HESHANTHA
EKANAYAKAMUDIYANSELAGE,

Defendant.

---

Recitation, as required by CPLR 2219(a) of the papers considered in the review of this motion to dismiss:

| Papers | Numbered |
|---|---|
| **Notice of Motion, Affirmation and Exhibits Annexed** | 1 |
| **Notice of Cross-Motion, Affirmation and Exhibits Annexed** | 2 |
| **Affirmation in Opposition and Exhibit Annexed** | 3 |
| **Affirmation in Opposition to Cross-Motion and Exhibits** | 4 |
| **Affirmation in Reply** | 5 |

The instant action sounds in personal injury arising from a motor vehicle accident occurring on September 9, 2017, on that roadway known as the Queens Midtown Tunnel, in the County of the Queens, City and State of New York. Defendant, Roger Ancona, moves this court for an Order pursuant to CPLR §3212 awarding Summary Judgment dismissing the Plaintiff's Complaint with prejudice on the issue of liability. By Notice of Cross-Motion, Plaintiffs, Angie Bernal Rozo and Alixon Trinidad, move this court for an Order granting summary judgment on the issue of liability as against the Defendants, Rishad Mubarak and Heshantha Ekanayakamudiyanselage, and denying Defendant, Roger Acona's motion for summary judgment dismissing Plaintiff's Complaint and all cross-motions as against Defendant, Roger

Ancona.

This case involves a rear end motor vehicle accident in which that vehicle operated by the Defendant, Roger Ancona, was struck in the rear by the vehicle driven by Co-Defendant, Heshantha Ekanayakamudiyanselage.

The law has been well established with respect to rear end collisions in cases where the front vehicle is stopped or stopping. Here Defendant, Roger Ancona claims that his vehicle was fully stopped in traffic in the Queens Midtown Tunnel when the Co-Defendants' vehicle struck him in the rear. It is the duty of a operator of a motor vehicle to see what is there to be seen and operate their vehicle according to the circumstances then and there existing. A driver of a motor vehicle approaching another vehicle from the rear is bound to maintain a safe and reasonable speed and control over their vehicle, exercising reasonable care to avoid colliding with the other vehicle. In such instance if contact between the vehicle occurs it is prima facie evidence of negligence on the part of the driver of the rear vehicle which imposes a duty upon that operator to come forward with a non-negligent explanation for the accident. *Tutrani v. County of Suffolk,* 10 NY3d 906, 908 (2008); *Cabrera v. Rodriguez,* 72 AD3d 533 (2010). In the instant case no non negligent explanation has been tendered.

Plaintiff's argument that the instant motion is premature since the Defendant Roger Ancona has not been deposed is unavailing. The presumption that further inquiry may yield some evidence of comparative negligence of the part of the Defendant, Roger Ancona is insufficient to overcome the presumption of negligence on the part of CO-Defendants, Rishad Mubarak and Heshantha Ekanayakamudiyanselage.

**ORDERED,** that Defendant, Roger Ancona's motion for an Order pursuant to CPLR §3212 granting summary judgment on the issue of liability as against him and dismissing the

Complaint and all counterclaims, **granted** it is further

**ORDERED,** that Plaintiffs, Angie Bernal Rozo and Alixon Trinidad's, Cross-Motion for

an Order granting partial summary judgment on the issue of liability as against the Defendants,

Rishad Mubarak and Heshantha Ekanayakamudiyanselageis **granted.**

Dated: September 28, 2020

_____
Hon. Ben R. Barbato, J.S.C.